UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| O'BRYAN COMPOSTING, LLC,<br>    Plaintiff,<br><br>v.<br><br>JULIE SU, in her official capacity as Acting Secretary of the United States Department of Labor, JESSICA LOOMAN, in her official capacity as Administrator of the Wage and Hour Division of the United States Department of Labor, NATALIE APPETTA, in her official capacity as an Administrative Law Judge of the United States Department of Labor, UNITED STATES DEPARTMENT OF LABOR and OFFICE OF ADMINISTRATIVE LAW JUDGES OF THE UNITED STATES DEPARTMENT OF LABOR,<br>    Defendants. | CASE NO.   4:24-cv-100-RGJ |

# COMPLAINT

Comes now Plaintiff, O'Bryan Composting, LLC, ("O'Bryan Composting") by counsel, for its Complaint against Defendants, Julie Su, in her official capacity as Acting Secretary of the United States Department of Labor ("**Secretary SU**"), Jessica Looman, in her official capacity as Administrator of the Wage and Hour Division of the United States Department of Labor ("**Administrator Looman**"), Natalie A. Appetta, in her official capacity as an Administrative Law Judge of the United States Department of Labor ("**ALJ Appetta**"), United States Department of Labor ("**DOL**"), and the Office of Administrative Law Judges of the United States Department of Labor ("**OALJ**") and states as follows:

1

## INTRODUCTION

1. O'Bryan Composting brings this action for declaratory relief under 28 U.S.C. §§ 2201-02, to enjoin Defendants from conducting the administrative proceeding against O'Bryan Composting currently pending in the OALJ, *Administrator, Wage and Hour Division v. O'Bryan Composting, LLC.*, Case No. 2023-TAE-00005 (the "Administrative Proceeding"), which violates O'Bryan Composting's constitutional right to a jury trial guaranteed by the Seventh Amendment, as recently affirmed by the Supreme Court in *SEC v. Jarkesy,* 144 S. Ct. 2117 (2024) ("*Jarkesy II*"). In the Administrative Proceeding, the DOL brings claims that are legal in nature and seeks monetary damages. An evidentiary hearing on the merits is scheduled to commence on March 31, 2025, to be tried by ALJ Appetta without a jury.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331, Federal Question Jurisdiction, and the Seventh Amendment to the U.S. Constitution. This matter arises under 5 U.S.C. § 701 *et seq.*, the Administrative Procedure Act, and the Seventh Amendment.

## VENUE

3. Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(B) and 28 U.S.C. § 98(a), because the events or omissions giving rise to this action occurred in Owensboro, Kentucky, plaintiff is located in Owensboro, Kentucky, and defendant DOL is a government agency with a presence in this District, including an office in Louisville, Kentucky, and the administrative hearing is scheduled to take place in the Gene Synder Courthouse in Louisville, Kentucky.

## PARTIES

4. O'Bryan Composting is a Kentucky limited liability company with its principal place of business in Owensboro, Kentucky.

5.	Secretary Su is the Acting United States Secretary of Labor and statutorily responsible for administering certain provisions of the Immigration and Nationality Act ("INA") concerning the H-2A temporary agricultural visa program; she is named herein in her official capacity.

6.	Administrator Looman is the Administrator of the Wage and Hour Division and upon delegation from the Secretary, carries out the Secretary's authority for enforcing certain provisions of the INA concerning the H-2A temporary agricultural visa program; she is named herein in her official capacity.

7.	ALJ Appetta is the administrative law judge presiding over the Administrative Proceeding; she is named herein in her official capacity.

8.	The OALJ is the office to which the Secretary has delegated authority to adjudicate administrative claims brought by the Wage and Hour Division. The OALJ selected ALJ Appetta as the administrative law judge presiding over the Administrative Proceeding.

9.	The DOL, which includes the Wage and Hour Division, is an agency of the federal government.

**FACTUAL ALLEGATIONS**

10.	O'Bryan Composting is engaged in swine operations, and, for many years, has employed foreign workers through the H-2A agricultural visa program, which enables agricultural employers to supplement their workforce on a seasonal basis when there is a demonstrated lack of available U.S. labor. *See* 8 U.S.C. §§ 1101(a)(15)(h)(ii)(a), 1184(c), 1188; 20 C.F.R. § 655.100 et seq.; 29 C.F.R. § 501, *et seq*.

11.	The Wage and Hour Division of DOL investigated O'Bryan Composting's compliance with the H-2A program regulations for the period of March 1, 2019, through November 30, 2021.

12. On October 25, 2022, the Wage and Hour Division of DOL issued a Notice of Determination alleging O'Bryan Composting violated Section 218 of the INA and DOL's H-2A program regulations.

13. A true and accurate copy of the Notice of Determination is attached as Exhibit A.

14. The Notice of Determination alleges violations of ten different provisions of 20 C.F.R § 655.122 and assessed $339,504.09 in unpaid wages and $445,081.00 in civil money penalties based on the allegation that professional employees with TN visas were engaged in "corresponding employment" with O'Bryan Composting's H-2A workers.

## Administrative Proceeding

15. On February 24, 2023, an Order of Reference was filed with OALJ instituting the Administrative Proceeding.

16. A true and accurate copy of the Order of Reference is attached as Exhibit B.

17. On May 22, 2024, ALJ Appetta set a hearing date to adjudicate the claims in the Notice of Determination, beginning on March 31, 2025, at the Gene Snyder Courthouse in Louisville, Kentucky.

18. On July 23, 2024, O'Bryan Composting filed with the OALJ and ALJ Appetta its Demand for Jury Trial.

19. A true and accurate copy of O'Bryan Composting Demand for Jury Trial is attached as Exhibit C.

20. After ALJ Appetta took no action on the Demand for Jury Trial, on August 14, 2024, O'Bryan Composting filed with the OALJ and with ALJ Appetta a Motion to Dismiss the Administrative Proceeding for Failure to State a Claim Upon Which Relief Can be Granted. O'Bryan Composting's Motion to Dismiss noted that by filing the motion it was not waiving its

right to a jury trial and explained the motion was an alternative and efficient manner by which to dispose of the Administrative Proceeding.

21. A true and accurate copy of O'Bryan Composting's Motion to Dismiss is attached as Exhibit D.

22. On August 16, 2024, ALJ Appetta issued an order directing the parties to show cause as to why O'Bryan Composting's Demand for Jury Trial should or should not be granted in light of *Jarkesy II*.

23. A true and accurate copy of ALJ Appetta's August 16 order is attached as Exhibit E.

24. On August 16, 2024, O'Bryan Composting filed a Motion for Protective Order and Stay of Discovery requesting ALJ Appetta stay discovery until rulings were issued on the Motion to Dismiss and Demand for Jury Trial.

25. A true and accurate copy of O'Bryan Composting Motion for Protective Order and Stay of Discovery is attached as Exhibit F.

26. On September 3, 2024, ALJ Appetta issued an order denying O'Bryan Composting's Motion for Protective Order and Stay of Discovery, and, with regard to O'Bryan Composting's Motion to Dismiss and Demand for Jury Trial, stated that "the issues presented in both the Motion to Dismiss and the demand for a jury trial are fairly novel issues and I am uncertain how quickly I can decide either Motion."

27. A true and accurate copy of ALJ Appetta's September 3, 2024 Order is attached as Exhibit G.

28. As of the filing of this Complaint, ALJ Appetta has not issued a ruling on O'Bryan Composting's Motion to Dismiss or its Demand for Jury Trial.

29. ALJ Appetta's failure to provide O'Bryan Composting with a Jury Trial on the Administrator's claims deprives O'Bryan Composting of its Seventh Amendment rights.

30. Upon information and belief, ALJ Appetta lacks authority to provide O'Bryan Composting with a jury trial on the Administrator's claims and thus the Administrative Proceeding is unlawful.

31. ALJ Appetta's failure to issue a stay in the Administrative Proceeding while she considers O'Bryan Composting's Demand for a Jury Trial subjects O'Bryan Composting to, *inter alia,* burdensome discovery requests and continued unlawful proceedings without the protection of a jury trial as guaranteed by Constitution.

## LEGAL CLAIMS

### COUNT I – VIOLATION OF RIGHT TO JURY TRIAL

U.S. Const. amend. VII
(against all Defendants)

32. O'Bryan Composting realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

33. The Seventh Amendment entitles a party to a jury trial of claims that are legal in nature.

34. The Administrator's claims in the Notice of Determination and pending in the Administrative Proceeding against O'Bryan Composting are legal in nature, because they seek alleged unpaid wages and civil money penalties.

35. The Administrator's claims against O'Bryan Composting seeking alleged unpaid wages do not fall within any exception to the Seventh Amendment's right to a jury trial.

36. This Court has the authority to grant injunctive and declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and its inherent equitable powers.

37. Accordingly, Defendants' actions relating to the Administrative Proceeding, including any adjudication of the Administrator's claims by ALJ Appetta, violates O'Bryan Composting's Seventh Amendment right to a trial by jury and constitutes an ongoing irreparable "here-and-now" harm to O'Bryan Composting.

## COUNT 2 – VIOLATION OF DUE PROCESS

U.S. Const. amend. V, XIV

(against all Defendants)

38. O'Bryan Composting realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

39. Defendants violate the Fifth Amendment and Fourteenth Amendment's guarantees of due process of law by subjecting O'Bryan Composting to the Administrative Proceeding and denying O'Bryan Composting a jury trial on the Administrator's claims, as guaranteed by the Seventh Amendment.

## COUNT 3 - VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

5 U.S.C. § 706

(against all Defendants)

40. O'Bryan Composting realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

41. The Administrative Procedure Act ("APA") requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

42. The Administrative Proceeding conducted by Defendants, and ALJ Appetta's refusal to stay the Administrative Proceeding is arbitrary, capricious, an abuse of discretion and is

not in accordance with law as it subjects O'Bryan Composting to an unlawful proceeding without the protection afforded by a jury trial guaranteed by the Seventh Amendment.

43. The Administrative Procedure Act ("APA") requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

44. The Administrative Proceeding conducted by Defendants is contrary to constitutional right, power, privilege, or immunity in that Defendants are depriving O'Bryan Composting of their right to a jury trial as guaranteed by the Seventh Amendment.

## PRAYER FOR RELIEF

Based upon the foregoing, O'Bryan Composting respectfully requests that this Court:

A. Declare that the Administrative Proceeding against O'Bryan Composting is unlawful;

B. Preliminarily and permanently enjoin Defendants from continuing the pending ALJ proceedings against O'Bryan Composting;

C. Award O'Bryan Composting its reasonable costs and fees, including under the Equal Access to Justice Act; and

D. Grant such other relief at law and in equity as justice may require.

Respectfully Submitted,

Ziemer, Stayman, Weitzel & Shoulders, LLP

*/s/ Karey L. Cain*
Karey L. Cain, #91987
Leon R. Sequeira, *Pro Hac Pending*
Clifford R. Whitehead, *Pro Hac Pending*
20 NW 1st Street 9th Floor
Evansville, IN 47708
Telephone: (812) 424-7575
Facsimile: (812) 421-5089
kcain@zsws.com
lsequeira@lrs-law.com

cwhitehead@zsws.com
*Counsel for O'Bryan Composting, LLC*

9