**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

|  |  |
|---|---|
| O'BRYAN COMPOSTING, LLC,<br><br>        Plaintiff,<br>   v.<br><br>VINCENT MICONE[1], IN HIS OFFICIAL CAPACITY AS ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR, et. al.,<br><br>        Defendants. | No. 4:24-cv-0100-DJH-HBB |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME, *NUNC PRO TUNC*, IN WHICH TO RESPOND TO THE COMPLAINT**

Defendants respectfully move for an extension of time, *nunc pro tunc*, in which to file their response to the Complaint until 14 days following resolution of the pending Motion for a Preliminary Injunction.  In support of this motion, Defendants state as follows:

1.      On September 16, 2024 Plaintiff, O'Bryan Composting, LLC, filed the Complaint in this action. *See* ECF No. 1. Plaintiff properly completed service on the United States, pursuant to Fed. R. Civ. P. 4(i)(2), on November 12, 2024. Accordingly, Defendants' deadline to respond to the Complaint was January 14, 2025. *See* Fed. R. Civ. P. 12(a)(2).

2.      On October 2, 2024, Plaintiff filed a motion for a preliminary injunction and a memorandum of law in support thereof. *See* ECF Nos. 12, 13.

---

[1] *See* Fed. R. Civ. P. 25(d).

3.      The Parties conferred and jointly proposed the following schedule for briefing Plaintiff's pending Motion for a Preliminary Injunction, ECF No. 12, which the Court entered on December 6, 2024, ECF No. 22. Pursuant to the briefing schedule, Defendants filed their Opposition to Plaintiff's Motion for a Preliminary Injunction on November 21, 2024 and Plaintiff filed its Reply in Support of Plaintiff's Motion for a Preliminary Injunction December 19, 2024. That motion remains pending.

4.      While the Motion for a Preliminary Injunction was pending, Defendants' counsel mistakenly overlooked the fact that pursuant to Fed. R. Civ. P. 12(a)(2), Defendants' answer was due on January 14, 2025. Defendants' counsel apologizes for this error and requests that the Court excuse the oversight.

5.      Moreover, good cause supports Defendants' requested extension. Courts have inherent power to manage their docket in order to promote judicial efficiency. *See Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003) ("trial courts have inherent power to control their dockets."); *see also United States v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986) (stating that "[i]t is fundamental that a court has the power and duty to manage its docket and the individual cases before it to 'secure fairness in administration, [and] elimination of unjustifiable expense and delay' ") (citations omitted). Accordingly, to promote judicial efficiency, Defendants request that the Court extend Defendants' deadline to respond to the Complaint until 14 days after the pending Motion for a Preliminary Injunction is resolved.

a.      This is Defendants' first requested extension of the deadline to respond to the complaint, and granting this motion would not unduly delay this action or affect any other pending deadlines.

b.      Plaintiff is not prejudiced by the Court granting this motion. Insofar as Plaintiff believes it is facing imminent irreparable harm, it has already filed a motion for preliminary injunctive relief.

c.      Defendants' requested extension would promote judicial economy. The Motion for a Preliminary Injunction raised many issues central to the merits of Plaintiff's claims and Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction included arguments as to why Plaintiff's claims failed as a matter of law. Plaintiff's request for a preliminary injunction remains pending before this Court. Resolution of that motion, which includes argument relating to a number of merits issues pleaded in the Complaint, may inform Defendants' response to the complaint and further briefing, streamlining and facilitating the resolution of this case. Defendants additionally expect that the Court's ruling on the pending motion for a preliminary injunction will provide guidance to the parties on at least some of the legal issues presented by Plaintiffs' claims. For that reason, Defendants respectfully submit that extending the time to respond to the complaint until after the Court has issued its decision on Plaintiffs' preliminary injunction motion would promote efficiency and preserve party and judicial resources.

6.      Defendants have conferred with counsel for Plaintiff and Plaintiff has indicated that it objects to the requested extension. *See* LR 7.1(b).

A proposed order is attached hereto.

Dated: January 29, 2025                                    Respectfully Submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

JULIE STRAUS HARRIS
Assistant Branch Director

*/s/ Anna L. Deffebach*
Anna L. Deffebach (DC Bar # 241346)
Trial Attorney

3

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8356
Facsimile:   (202) 616-8460
Email: anna.l.deffebach@usdoj.gov

*Counsel for Defendants*