UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| O'BRYAN COMPOSTING, LLC, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JULIE SU, *et al.,* ) <br> Defendants. ) | CASE NO. 4:24-cv-00100-DJH-HBB |

**O'BRYAN COMPOSTING, LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME, *NUNC PRO TUNC***

Comes now O'Bryan Composting, LLC ("O'Bryan Composting"), by counsel, and in opposition to Defendants' Motion for An Extension of Time, *Nunc Pro Tunc*, In Which To Respond To The Complaint, states as follows:

**I.    Introduction**

On September 16, 2024, O'Bryan Composting filed its Complaint seeking declaratory relief to enjoin Defendants from carrying out the administrative proceeding now pending in the U.S. Department of Labor's ("DOL") Office of Administrative Law Judges (the "Administrative Proceeding").[1] *See* ECF No. 1. It then moved this Court for a preliminary injunction to halt the Administrative Proceeding pending resolution of this action on October 2, 2024. *See* ECF No. 12. The parties filed a joint motion for a briefing schedule on that motion. *See* ECF No. 20. Defendants filed their response in opposition to that motion on November 21, 2024. *See* ECF No. 21.

On January 28, 2025, Defendants' counsel e-mailed counsel for O'Bryan Composting seeking consent to extend Defendants' deadline to respond to the Complaint. *See* Exhibit 'A.'

---

[1] Captioned *Administrator, Wage and Hour Division v. O'Bryan Composting, LLC.*, Case No. 2023-TAE-00005

1

O'Bryan Composting's counsel replied, stating that "If the deadline has passed, we will not object to your motion for leave to file a belated answer if the proposed answer is filed with that motion. However, we object to any request that the deadline to respond to the complaint is stayed pending a resolution of the preliminary motion." *See id.* Defendants have not provided a proposed answer.

Now, Defendants move this Court to extend their deadline to respond to the Complaint "until 14 days after the pending Motion for a Preliminary Injunction is resolved." ECF No. 24 ¶ 5. As Defendants acknowledge, their deadline to respond to the Complaint was January 14, 2025. ECF No. 24 ¶ 1. Defendants failed to meet this deadline because their counsel "mistakenly overlooked" the fact that Rule 12 of the Federal Rules of Civil Procedure required Defendants to respond by that date. ECF No. 24 ¶ 4.

**II.     Argument**

> **The Court must deny Defendants' Motion for an Extension of Time because Defendants have not shown excusable neglect, and the requested length of extension is unreasonable.**

Under Rule 6(b) of the Federal Rules of Civil Procedure, the Court may extend the time to respond to a complaint for "good cause" – but only if the party failed to act "because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). Courts conduct a two-prong approach to determine whether the moving party has established excusable neglect. *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). The moving party must first establish that the failure to meet the deadline was caused by neglect. *Rucker v. Lindamood*, No. 1:16-cv-00090, 2018 WL 11600242 at *2 (M.D. Tenn. Oct. 4, 2018) (internal citations omitted). Next, it must show that the failure to act was excusable. *Id.* In deciding whether an omission was excusable, courts weigh all relevant circumstances "includ[ing] ... the danger of prejudice to the [non-moving party], the length of the

delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Defendants established the 'neglect' prong when they admitted that they failed to timely answer the Complaint because they simply "overlooked" the deadline. ECF No. 24 ¶ 4; *see also Lindamood*, 2018 WL 11600242 at *2 ("Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness.").

But Defendants have *not* shown that the failure to act was 'excusable.' Even assuming, *arguendo*, that Defendants' failure to abide by the deadline constitutes excusable neglect, their request to also extend their obligation to file an Answer far into the future, to some as-of-yet undefined date, 14 days after the pending Motion for Preliminary Injunction is resolved is unreasonable.

Extending the deadline to respond to the Complaint to as far as 14 days after this Court decides Plaintiff's motion for a preliminary injunction would be an excessive delay that prejudices Plaintiff. The extreme delay sought by Defendants deprives Plaintiff of the ability to know with certainty the date upon which Defendants will serve an Answer to the Complaint and interferes with Plaintiff's ability to plan the prosecution of its case. Defendants have shown no burden whatsoever to their interests from complying with the Federal Rules of Civil Procedure and providing a timely Answer. Governmental entities are well accustomed to defending this type of suit, where a plaintiff brings a complaint with request for a preliminary injunction. *See, e.g., Kenrick v. Erdos*, No. 1:21-cv-266, 2021 WL 8015648 at *2 (S.D. Ohio Jun. 10, 2021) (noting that "only after a complaint has been filed and the action commenced can preliminary injunctive relief be sought").

If Defendants wanted to extend their Answer deadline based on the Motion for Preliminary Injunction, the proper time for such a request would have been shortly after the Preliminary Injunction was filed and well *before* the Answer deadline, not weeks after the Answer deadline passed. As Plaintiff's counsel previously explained to Defendants' counsel, Plaintiff was willing to forego an objection to Defendant filing their Answer out of time, provided that the Answer was filed contemporaneously with their *Nunc Pro Tunc* motion.

Accordingly, this Court should **DENY** Defendants' Motion for an Extension of Time.

[*Signatures on Following Page*]

Respectfully submitted,

*/s/ Clifford R. Whitehead*
Karey L. Cain, #91987
Clifford R. Whitehead, IN28836-49, *pro hac*
Ziemer, Stayman, Weitzel & Shoulders, LLP
20 NW 1st Street, 9th Floor
Evansville, IN 47708
Telephone: (812) 424-7575
kcain@zsws.com
cwhitehead@zsws.com

*/s/ Leon R. Sequeira*
Leon R. Sequeira, MO #52403
Sequeira Bilby PLLC
106 Progress Drive
Frankfort, KY 40601
Telephone (202) 255-9023
Leon@SequeiraBilby.com
*Counsel for O'Bryan Composting, LLC*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on February 5, 2025, a copy of the foregoing was served on all counsel of record via electronic mail service via the KCOJ E-filing System.

*/s/ Clifford R. Whitehead*
Clifford R. Whitehead